J-S88041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD SMITH, | : | |
| | : | |
| Appellant | : | No. 815 EDA 2016 |

Appeal from the PCRA Order February 8, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003531-2009

BEFORE: OLSON, RANSOM, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 10, 2017**

Richard Smith (Appellant) appeals from the order entered on February 8, 2016, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

As this Court explained, previously,

The facts giving rise to the charges herein involved Appellant and numerous other individuals who, from June 2004 through May 2008, engaged in the fraudulent transfer of real property. Participants in the criminal enterprise forged documents that purported to allow the holders of those documents to enter vacant houses. The documents could cost the holders anywhere from $100 to $1,000. The individuals then could select and "purchase" a home at various amounts and would be issued a notarized transfer deed, which could be recorded. Unfortunately for the victims, the deeds were fake and the properties' lawful owners did not authorize any of the sales. [Appellant's trial was joined with that of two-co-defendants; however, because he absconded after the jury was selected, Appellant was tried *in absentia*. Twelve other coconspirators pled guilty.]

_____

*Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Quiles*, 48 A.3d 468 (Pa. Super. 2012) (unpublished

memorandum at 1-2) (footnote omitted).

The PCRA court summarized the relevant background underlying this

matter as follows.

On February 12, 2010, [Appellant] was found guilty after a jury trial, presided over by Honorable Rose Marie DeFino-Nastasi, of corrupt organizations, 18 Pa.C.S. § 911, [graded] as a felony of the first degree; forty-two (42) counts of theft by deception, 18 Pa.C.S. § 3922, each [graded] as a felony of the third degree; criminal conspiracy, 18 Pa.C.S. § 903, [graded] as a felony of the third degree; twenty-three (23) counts of forgery, 18 Pa.C.S. § 4101, each [graded] as a felony of the third degree; and twenty-six (26) counts of tampering with public records, 18 Pa.C.S. § 4911, each [graded] as a felony of the third degree.

On April 30, 2010, [Appellant] was sentenced to ten (10) to twenty (20) years for the corrupt organizations conviction; seven (7) years [of] probation for each count of theft by deception, to run concurrently to each other and consecutive to the corrupt organizations conviction; seven (7) years [of] probation for the conspiracy conviction, to run consecutively; [and] no further penalty for the forgery and tampering with public records convictions. [Appellant] received an aggregate sentence of ten (10) to twenty (20) years plus fourteen (14) years [of] probation.

[Appellant] did not appeal. The judgment of sentence became final on May 30, 2010.

On July 31, 2014, privately retained counsel, Cheryl Sturm, Esq., filed a petition under the Post[-]Conviction Relief Act (PCRA).

On August 8, 2014, Attorney Sturm filed a supplemental petition.

On November 16, 2014, Attorney Sturm filed a memorandum of law.

On December 12, 2014, Attorney Sturm filed a Motion to Impose Sentence in Open Court, which was denied without a hearing on January 20, 2015.

On August 26, 2015, the Commonwealth filed a motion to dismiss.

On September 24, 2015, Attorney Sturm filed a response to the Commonwealth's motion.

On January 6, 2016, the [c]ourt issued a [Pa.R.Crim.P.] 907 notice [indicating its intention to dismiss Appellant's petition without a hearing].

On January 26, 2016, Attorney Sturm filed a response to the 907 notice.

On February 8, 2016, the [c]ourt formally dismissed [Appellant's] PCRA petition.

On February 16, 2016, [Appellant] filed the instant appeal to the Superior Court.

PCRA Court Opinion, 4/12/2016, at 1-2 (unnecessary capitalization omitted).[1]

In his brief to this Court, Appellant raises two issues for our review.

I. Whether the PCRA court has jurisdiction to impose a sentence that is void *ab initio* and whether it has inherent jurisdiction to correct a patently illegal sentence?

II. Whether a PCRA court erred when it ruled the PCRA petition untimely where [Appellant] discovered new evidence in the public record establishing the conviction was obtained based on the perjured testimony of a crucial witness which is a species of ***Brady***[2] violation and the PCRA petition was filed within 60 days

---

[1] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

[2] ***Brady v. Maryland***, 373 U.S. 83 (1963).

- 3 -

of the date the vital facts were discovered with the exercise of due diligence?

Appellant's Brief at 1-2 (unnecessary capitalization omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3).

Appellant was sentenced on April 30, 2010 and had 30 days to file a direct appeal with this Court. Pa.R.A.P. 903(a). He did not do so. Thus, for purposes of the PCRA, Appellant's judgment of sentence became final on May 30, 2010, when the time for filing a direct appeal expired. He therefore had until May 30, 2011, in order to file timely a PCRA petition. 42 Pa.C.S. § 9545(b)(1).

Because Appellant untimely filed his PCRA petition in July of 2014, he had the burden of pleading and offering to prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Moreover, "[a]ny petition invoking an exception provided in [42 Pa.C.S. § 9545(b)(1)] shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

With respect to his first issue, Appellant does not invoke a timeliness exception. Instead, he claims that his challenge to the restitution order implicates the legality of sentence and argues that, because such claims are not subject to waiver, the issue should have been addressed by the PCRA court. Appellant's Brief at 8-12.

The mandates of the PCRA are clear. "The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein." **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) (citations omitted). As our Supreme Court has indicated with regard to a legality of sentencing claim specifically, "[a]lthough [the] legality of [a] sentence is always subject to review within the PCRA, [legality of

- 5 -

sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Accordingly, Appellant's first claim fails.

In his second issue, Appellant claims that a key witness at trial committed perjury, which Appellant only learned of after he received copies of his trial transcripts.[3] Appellant's Brief at 7, 13-21. Appellant couches this issue as a *Brady* claim and claims he presented this claim within 60 days of discovery, in satisfaction of both the the governmental interference and newly-discovered evidence exceptions to the PCRA time-bar. *Id.* at 14-15.

The PCRA Court addressed these assertions as follows.

A *Brady* claim challenges the Commonwealth's failure to produce material evidence. To prevail on a *Brady* claim, the petitioner must show that the evidence was suppressed by the prosecution, either willfully or inadvertently; the evidence was favorable to the petitioner, either because it is exculpatory or because it impeaches; and prejudice ensued. [*Commonwealth*] *v. Nero*, 58 A.3d 802, 809 (Pa. Super. 2012) (citing [*Commonwealth*] *v. Busanet*, 54 A.3d 35, 48 (Pa. 2012)). The burden rests with the petitioner to "prove, by reference to the record, that evidence was withheld or suppressed by the prosecution." [*Commonwealth*] *v. Haskins*, 60 A.3d 538, 547 (Pa. Super. 2012) (citing [*Commonwealth*] *v. Paddy*, 15 A.3d 431, 451 (Pa. 2011)). There is no *Brady* violation when the petitioner knew or, with reasonable diligence, could have uncovered the evidence in question, or when the evidence was available to the defense from nongovernmental sources. [*Commonwealth*] *v. Chamberlain*, 30 A.3d 381, 409-410 (Pa. 2011) (citations omitted)[].

---

[3] As noted above, Appellant absconded and was tried *in absentia* with two of his co-defendants. Thus, he was not present at trial to hear the allegedly perjured testimony, although his court-appointed attorney, Richard Hark, Esquire, was.

Although a ***Brady*** violation may fall within the governmental interference exception, the merits of a ***Brady*** claim need not be addressed until it is established that the instant petition was timely filed. [***Commonwealth***] ***v. Williams***, 105 A.3d 1234, 1240 (Pa. 2014). In order to meet the statutory requirements of the "governmental interference" exception to the PCRA's one year jurisdictional time-bar, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence. [***Commonwealth***] ***v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008); [***Commonwealth***] ***v. Hawkins***, 953 A.2d 1248, 1253 (Pa. 2006) (citation omitted).

Veronica Smith testified at [Appellant's] trial on January 20, 2010. [Appellant] claims that Ms. Smith's testimony was perjured and that he was unaware of her testimony because he absconded from trial and did not know who testified against him until he obtained the trial transcripts, sometime after he was taken into custody on August 13, 2011. After reading the transcripts, he then called his girlfriend, Alma Cook, to find out why her niece, Ms. Smith, testified against him at trial. [Appellant] alleges that during that conversation, Ms. Cook told him that Ms. Smith was not an heir of Elizabeth Allen as she had testified. He claims that an investigator searched the public record on July 7, 2014, and confirmed this.

This is not a case of governmental interference. [Appellant] is unable to demonstrate that the government prevented him from raising this claim. Clearly [Appellant] could have obtained the trial transcript—a court, and not a Commonwealth document, long before the instant petition was filed. Furthermore, even before he chose to absent himself from trial, he had complete discovery. [Appellant] and his attorney were provided with a witness list prior to him absconding post jury selection, a list that included Ms. Smith, [Appellant's] ex-girlfriend's niece. The only interference in this matter came from [Appellant's] failure to be present for his trial and sentencing, and his failure to perfect an appeal. [Appellant] cannot now claim interference or ignorance regarding a witness called at trial who[m] he knew about.

Nor is this a case of newly-discovered evidence.

Under section 9545(b)(1)(ii), a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii); [**Commonwealth**] **v. Brown**, 111 A.3d 171, 176 (Pa. Super.), app. denied, 125 A.3d 1197 (Pa. 2015). Due diligence demands that the petitioner take reasonable steps to protect his own interests. **Brown**, 111 A.3d at 176 (citing [**Commonwealth**] **v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001)). A petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence. **Id.** (citations omitted). Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Id** (quoting [**Commonwealth**] **v. Marshall**, 947 A.2d 714, 720 (Pa. 2008)).

The Pennsylvania Superior Court recently clarified the distinction between a newly-discovered evidence exception under the PCRA and an after-discovered evidence claim:

> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim. Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

**Brown**, 111 A.3d at 176 -77 (quotation marks and citations omitted). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." [**Commonwealth**] **v. Burton**, 121 A.3d 1063, 1071 (Pa. Super. 2015).

To obtain relief on a substantive after-discovered-evidence claim under the PCRA, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Brown**, 111 A.3d at 178 (citing [**Commonwealth**] **v. Washington**, 927 A.2d 586 (Pa. 2007)). The substantive merits-based analysis is more stringent than the analysis required by the "new facts" exception to establish jurisdiction. **Id.** A petitioner who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly discovered evidence. [**Commonwealth**] **v. Padillas**, 997 A.2d 356, 363-64 (Pa. Super. 2010).

A petitioner who absented himself from trial after jury selection cannot reasonably claim that a witness's testimony at that trial is newly-discovered. [Appellant] makes no attempt to explain why the information that he allegedly learned after reading the transcripts from his own trial and speaking to his ex-girlfriend, Alma Cook, and his private investigator could not, with the exercise of due diligence, have been obtained much earlier. [Appellant's] claim is jurisdictionally barred under the PCRA. Therefore, the [c]ourt need not consider its merits.

PCRA Court Opinion, 4/12/2016, at 6-9 (some citations omitted).

We find no error in the court's analysis and conclude that Appellant has failed to establish the applicability of a timeliness exception. Thus, the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2017